UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 22-14286-CIV-CANNON

**LEONARD W. ROWE, III**,

    Plaintiff,
v.

**OFFICE FOR CIVIL RIGHTS HEADQUARTERS, et al.**,

    Defendants.
_____/

### ORDER DISMISSING COMPLAINT AND DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

**THIS CAUSE** comes before the Court on Pro Se Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [ECF No. 2], filed on August 11, 2022. The Court has reviewed the record and is otherwise advised in the premises. Pursuant to the screening requirements of 28 U.S.C. § 1915(e)(2)(B), Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

### RELEVANT BACKGROUND

According to the Complaint, Plaintiff visited Highland Regional Medical Center ("HRMC"), a hospital operated by HCA Healthcare ("HCA"), in Sebring, Florida, on March 25, 2022 [ECF No. 1 p. 3]. Upon his arrival, employees of HCA presented Plaintiff with a mandatory electronic consent form, which Plaintiff claims contained legal language that he could not understand [ECF No. 1 p. 3]. An individual named "Stem Beck" signed the consent form [ECF No. 1-3 p. 16], even though Plaintiff claims that he never offered his consent for anyone to sign the form on his behalf [ECF No. 1 p. 4]. Plaintiff additionally claims that HCA security impounded Plaintiff's driver's license "and placed it in a see through folder for all staff to view" and then made Plaintiff navigate the HCA with a paper badge glued onto his shirt which contained his name

and "other information" [ECF No. 1 pp. 4–5].

On April 11, 2022, Plaintiff sent an e-mail to the U.S. Department of Health and Human Services, Office for Civil Rights ("OCR") claiming that an employee of HCA fraudulently signed the consent form without Plaintiff's permission or consent [ECF No. 1-3 pp. 1–6]. According to Plaintiff, OCR was unresponsive in its responses to Plaintiff's emails [ECF No. 1 p. 12].

Plaintiff ultimately alleges that HCA violated the Heath Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. § 1320d-6, based on Stem Beck's alleged fraudulent signature of the consent form, and based also on HCA security's handling of his private information [ECF No. p. 4]. Plaintiff also alleges that OCR violated the Crime Victims' Right Act ("CVRA"), 18 U.S.C. § 3771, when OCR did not provide him a civil remedy for his HIPAA allegation against HCA [ECF No. 1 p. 12]. Rather than seeking money damages, Plaintiff seeks to have OCR disclose information surrounding its investigation into HRMC and HCA's conduct and also to have OCR publicly determine HRMC and HCA's "guilt or innocence" based on that investigation [ECF No. 1 pp. 35–41]. To that end, Plaintiff seeks a temporary restraining order enjoining OCR from withholding information [ECF No. 1 pp. 2, 21–30].[1]

**LEGAL STANDARD**

Because Plaintiff has sought leave to proceed *in forma pauperis*, under 28 U.S.C. § 1915(e)(2)(B), the Court is required to screen the complaint. That statute provides, in pertinent part, as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> (B) the action or appeal—

---

[1] Plaintiff's Complaint also contains a Motion for a Temporary Restraining Order against OCR, filed together as a single filing [ECF No. 1].

>   (i) is frivolous or malicious;
>   (ii) fails to state a claim on which relief may be granted; or
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In accordance with the screening procedure under 28 U.S.C. § 1915(e)(2)(B)—and before addressing the merits of Plaintiff's *in forma pauperis* application—the Court first examines whether the Complaint is frivolous or fails to state a claim on which relief may be granted. A dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Fed. R. Civ. P. 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *Herrick v. Collins*, 914 F.2d 228, 229 (11th Cir. 1990). In other words, a court may dismiss a complaint that fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Finally, although courts afford pro se litigants leeway in pleadings, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), pro se litigants are required to meet certain essential burdens in their pleadings, *see Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990), and courts do not have license to rewrite an otherwise deficient pleading, *GJR Investments, Inc., v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

## DISCUSSION

Plaintiff's Complaint, construed generously, fails to state a claim upon which relief can be granted.

To the extent Plaintiff alleges that HCA violated HIPAA, 42 U.S.C. § 1320d-6, every circuit to have considered this issue has held that that no private right of action exists under

CASE NO. 22-14286-CIV-CANNON

HIPAA.  *See Laster v. CareConnect Health Inc.*, 852 F. App'x 476, 477 (11th Cir. 2021) (collecting cases).  Thus, Plaintiff may not bring any civil relief under HIPAA, and Plaintiff's claims against HCA alleging HIPAA violations must be dismissed.

Plaintiff's allegation that OCR violated the CVRA is similarly deficient.  The CVRA does not provide a plaintiff with a private right of action in a stand-alone civil lawsuit disconnected from a preexisting criminal proceeding.  *In re Wild*, 994 F.3d 1244, 1269 (11th Cir. 2021) ("[T]he CVRA does not provide a private right of action authorizing crime victims to seek judicial enforcement of CVRA rights outside the confines of a preexisting proceeding.").  No such preexisting criminal proceeding exists here [ECF No. 1].  For this reason, Plaintiff may not seek civil relief from OCR under the CVRA.

For these reasons, dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) is warranted.

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. This case is **DISMISSED WITHOUT PREJUDICE**.
2. All pending motions are **DENIED AS MOOT**.
3. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 16th day of August 2022.

*[signature]*
AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc:   Leonard W. Rowe, III
      1935 Jeri Kay Lane
      Sebring, Florida 33870
      *PRO SE*