

FILED BY _____ *Scn* _____ D.C.

Sep 12, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Fort Pierce

# DECLARATORY JUDGMENT DRAFT

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT PIERCE DIVISION

### CASE NO. 22-14286-CIV-CANNON

**LEONARD W. ROWE, III,**
    **Plaintiff,**

**v.**

**OFFICE FOR CIVIL RIGHTS HEADQUARTERS (OCR), et aI.,**
    **Defendants,**

### DECLARATORY JUDGMENT

The plaintiff is requesting **Declaratory Judgment** Relief. According to plaintiff's understanding and research, a **DECLARATORY JUDGMENT** is a statement (declaration) by a court of the rights of parties to a dispute. The request is made under **FRCP: Rule 57. Declaratory Judgment**. *The fact that a declaratory judgment may be granted "whether or not further relief is or could be prayed"* If appeal is necessary, which is in nobody's best interest, could be helpful.

## BACKGROUND

The plaintiff filed a complaint against defendants in the Wilkie Ferguson Courthouse in North Miami, in person on August 11, 2022, a **"TEMPORARY RESTRAINING ORDER"** against the defendants. The plaintiff included in his complaint filed attached evidence to support the **ORDER**, copies of all emails sent and

received with OCR attached to the **ORDER.** The plaintiff created a "Table of Contents" of the Emails to make it easier for the court's review. The defendants were never served properly because on August 16, the Fort Pierce Division dismissed **ORDER DISMISSING COMPLAINT AND DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*** that otherwise would allow the plaintiff to properly serve the defendants under FRCP regulations; however, the plaintiff did email the defendant a copy of plaintiff's August 11 Order and is a strong believer in the interest of Transparency.

**FIRST DEFENSE**

Under the circumstances to be described, is the Court's contradicting decision *Case Closed/Dismissed w/o Prejudice* viable under FRCP? Can a court make a decision and find the person guilty and innocence in the same decision? What are the rules or regulations for court's to make decisions to "*CLOSE this case*" and *Dismiss Without Prejudice* in the same decision and only decision the court ever made? Does one allow for reconsideration and appeal and the other doesn't? Is there a Rule or regulation that allows the plaintiff to remove *Case Closed* (see snippet below)?

Can the Court in their original decision, their only decision at this time, *CLOSE this case* and *Dismiss Without Prejudice* for reasons to dismiss stated; "*For these reasons, dismissal under 28 U.S .c. § I 915(e)(2)(B)(ii) is warranted.*" The Rule states; "*fails to state a claim on which relief may be granted*" Failure to state a claim is probably

by far the most popular and most arguable reason to dismiss pro se litigants complaints. It is also popular among courts to give the pro se litigant a chance to amend or appeal such, not immediate "closing of the case." If the court were to review plaintiff's Original complaint and review the plausible claims in the rest of this document that gives good reason to throw out the Court's wrongful decisions and allegations of plaintiff's complaint, the plaintiff believes that indeed plaintiff's claims and complaints are plausible, credible and viable, particularly under *Haines* as a back-up.

Please review the Fort Pierce Division decision dated August 16 to dismiss plaintiff's **ORDER**. See snippet below of Court's final decision.

For these reasons, dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) is warranted.

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. This case is **DISMISSED WITHOUT PREJUDICE**.

2. All pending motions are **DENIED AS MOOT**.

3. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 16th day of August 2022.

The plaintiff is not an attorney, nor does he have any higher education. That doesn't mean the plaintiff is any less intelligent. From the plaintiff's common sense and common intelligence, the plaintiff has perceived that the Court's decision to be a "Legal Oxymoron."

According to plaintiff's understanding **"DISMISSED WITHOUT PREJUDICE"** the case is only dismissed temporarily in order to allow the pro se plaintiff to correct errors in the case presented. A case dismissed *Close this case* is not temporary and prevents plaintiff to correct errors in the case presented, hence the oxymoron. How can the plaintiff have a chance to correct or challenge the district Court's decision if the Court "*CLOSE this case.*" As you read the rest of plaintiff's **DEFENSE'S**, you will further question the court's decision making.

**SECOND DEFENSE;**

Under the circumstances described, what are the regulations/rules and or standards for the FORT PIERCE DIVISION Court to "***CLOSE*** *this case.*"

The Fort Pierce Division Court dismissed the plaintiff's **ORDER** stating; "*For these reasons, dismissal under 28 U.S .C. § 1915(e)(2)(B)(ii) is warranted. Accordingly, it is **ORDERED AND ADJUDGED** as follows: 3. The Clerk of Court is directed to CLOSE this case.*" However there is no "***CLOSE*** *this case*" ever mentioned in *28 U.S .C. § 1915. Dismiss* is mentioned but not *Close.*

**THIRD DEFENSE**

"Under the circumstances to be described, what regulations allow the court to proclaim *misinformation* implicating the plaintiff under *false claims*? *i.e.* stating untrue statements definitively to support the Court's decision to **DISMISSED WITHOUT PREJUDICE**  and **CLOSE** the case in the same decsion?

What are Rules and regulations concerning the court making false allegations and what are plaintiff's options.

The last paragraph, 1st sentence of the Court's **RELEVANT BACKGROUND** states as true; "*Plaintiff ultimately alleges that HCA violated the Heath Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. § 1320d-6…*" The Court essentially repeats the same implication in the 2nd paragraph of **DISCUSSION** stating as true; "*To the extent Plaintiff alleges that HCA violated HIPAA, 42 U.S.C. § 1320d-6, every circuit to have considered this issue has held that that no private right of action exists under HIPAA…*" Plaintiff never alleged *42 U.S.C. § 1320d-6*.

The plaintiff never alleged or even ever mentioned *42 U.S.C. § 1320d-6* in his **TEMPORARY RESTRAINING ORDER**. If you review the attached Emails, none of the email exchanges with OCR ever mention *42 U.S.C. § 1320d-6*.

The plaintiff does mention, but only once *42 U.S.C. § 1320a-7a* under **(A) - LEGAL THEORIES OF CONCERN** and never attached as a claim. The plaintiff listed in his **ORDER** *1320a-7a* only as a possible **LEGAL THEORY** to OCR violation to consider. The statutes are very different to applications and definitions.

**FOURTH DEFENSE**

What are the Rules and regulations and procedures for disputing the Court's decision to dismiss under unquestionable facts that mischaracterize the facts of the case

resulting in the Court to *CLOSES*/DISMISSES on false grounds, false premises and false precedence? What are the rules when a court wrongly applies a wrong precedence?

According to the Court's 3rd paragraph under **DISCUSSION QUOTES THE**; The court enters *In re Wild, 994 F.3d 1244, 1269 (I I th Cir. 2021)* as reason to dismiss. Under circumstances to be described, the Court uncharacteristically compares the conditions of 2 different cases with 2 different conditions that the Court characterizes as the same condition. In spite of the differences, the Court holds them as the same and states "*For this reason, Plaintiff may not seek civil relief from OCR under the CVRA.*" Because of *this reason* mischaracterized incorrectly, the plaintiff should be entitled to *seek civil relief from OCR under the CVRA* as he described in his "statement of claims" differently from the court. Albeit the court statement *Plaintiff may not seek civil relief from OCR under the CVRA*, this is not true (read on further) and because it is untrue then the court is suggesting otherwise that the plaintiff's CVRA "statement of claims" can *seek civil relief from OCR under the CVRA*. Read on for further understanding.

Accordingly the court stated; "*Plaintiffs allegation that OCR violated the CVRA is similarly deficient. The CVRA does not provide a plaintiff with a private right of action in a stand-alone civil lawsuit disconnected from a preexisting criminal proceeding. In re Wild, 994 F.3d 1244, 1269 (I I th Cir. 2021) ("[T]he CVRA does not provide a private right of action authorizing crime victims to seek judicial enforcement of CVRA rights outside the confines of a preexisting proceeding.''). No such preexisting criminal*

*proceeding exists here [ECF No. I]. For this reason, Plaintiff may not seek civil relief from OCR under the CVRA.*" <u>The plaintiff disagrees in the condition of preexisting proceedings the Court describes.</u>

*In re Wild (2021)* is about Victim Rights regarding concerns and context of the infamous, alleged perpetrator Jeffery Epstein case, who was arrested in July 2019? In that case the Appellate court acknowledged *In re Wild*; "*In August 2019, while the court was considering the parties' briefing regarding remedies, Epstein died of an apparent suicide…*" Because of the death early on, the case was essentially closed before much investigation could be even started or even Epstein being properly charged. According to the Appellate Court; "*In September 2019, having considered the parties' briefing and the impact of Epstein's death, the district court dismissed Ms. Wild's suit, denying each of her requested remedies* (Victim Rights Act)…" Furthermore the court brought to attention; "*In its order, the district court made a number of rulings. First, it held that Epstein's death mooted any claim regarding the NPA's continuing validity, as he was no longer subject to prosecution* (when he was dead)…" Additionally since Epstein was dead, the court ruled "*Because the government never filed charges against Epstein, there was no preexisting proceeding in which Ms. Wild could have moved for relief under the CVRA and the Act does not sanction her stand-alone suit.*" The plaintiff filed charges.

The circumstances of this court applying the *In re Wild* case as reason of dismissal of plaintiff's case are as *'as different as chalk and cheese'*. HRMC has not died, HCA has

not died, nor have any of the OCR respondents died and I am reluctantly going through this still alive. The HIPAA violation allegations against OCR by the plaintiff were made against a living *covered entity*, HRMC hospital, Sebring FL, one of 197 hospitals nationwide operated by Hitech hospital conglomerate HCA. Other circumstance in conflict with dismissal, the *context* of HCA/HRMC case is a preexisting case under investigation and still open and never has been closed. Now more than 5 months, OCR has never made a determination of guilt, innocence or dismissal and the main contention in Plaintiff's case.

With that said, the *In re Wild* appellate court stated; "*While the CVRA permits a crime victim like Ms. Wild to "mov[e]" for relief within the context of a preexisting proceeding...*" Under the circumstances of the *In re Wild* case and this Court moving for dismissal is contrary to the using the *In re Wild* case as court precedence for dismissal and indeed clearly *CVRA permits a crime victim... for Relief... within the context of a preexisting proceeding...* and the plaintiff's CVRA rights are acknowledged in the context of "*relief within the context of a preexisting proceeding*". With that said the court has no right to dismiss the plaintiff's "statement of claims" of his CVRA rights.

**FIFTH DEFENSE**

In the Court's final decision of August 16, stated; *For these reasons, dismissal under 28 U.S .c. § I 915(e)(2)(B)(ii) is warranted*. And further followed with;

***ORDERED AND ADJUDGED** as follows*: **2.** *All pending motions are **DENIED AS***

*MOOT*. What are the regulations of a court's decision in dispute to *close* a case that is determined to be deficient or untrue? What are the regulations to reactivate motions of *MOOT* under circumstances in dispute in their decision?

**SIXTH DEFENSE**

Under the circumstances described up to now, is there a regulation that applies to the **COURT** in that the court; *do not have license to rewrite an otherwise deficient pleading* (decision)? I ask because of all the errors the Court has made. Can they rewrite their decision, or do they just grant the **MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

**SEVENTH DEFENSE**

What are the regulations if a court's decision is reversed, with regard to plaintiff's motions that the Court decided; *2. All pending motions are **DENIED AS MOOT***? Are the referred motions now granted because of the Court's described errors? Or can the court rewrite their decision and decide on the *MOOT* motions independently particularly Appointing Counsel;

1. **AFFIDAVIT IN SUPPORT OF APPLICATION TO PROCEED <u>IN FORMA PAUPERIS</u>**
2. **MOTION FOR COURT APPOINTED COUNSEL**
3. **Requesting Witness Statements from <u>Office for Civil Rights</u> OCR Regarding Their Investigation…**

**EIGTH DEFENSE**

The Court in the last sentence of **LEGAL STANDARD** stated; "*and courts do not have license to rewrite* (litigants) *an otherwise deficient pleading, **GJR Investments,***

*Inc., v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11 th Cir. 1998).*" With that said, what are the regulations and procedures that license the Court to rewrite their decisions if they can in fact rewrite? What are the regulations or procedures when the court *otherwise deficient decisions*?

## NINTH DEFENSE

Regarding plaintiff's rights, what are the regulations, procedures or Rules for the Court Clerk to notify litigants of a court's decision to *CLOSE this case*? Should the Clerk notify the plaintiff in a direct message? Or does the clerk notify the plaintiff in a document on the same day of the Court's decision in a document the plaintiff never requested, obscurely burying within the unrequested document the Notice of *CLOSE this case*? Is this court procedure in the Clerk initially notifying plaintiff of *CLOSE this case* in a document he never requested?

The Clerk of Court sent the plaintiff a Notice; **IMPORTANT: REDACTION REQUIREMENTS AND PRIVACY POLICY** by way of USPS, dated August 16 (See Attached). Coincidentally, on the same day of the Court's decision; *3. The Clerk of Court is directed to CLOSE this case*. The Clerk's Notice and Court's decision was received August 20. The mysterious, unasked for Notice was written in the court's technical language regarding REDACTION POLICY. The plaintiff responded to the Court's August 16 Notice of REDACTION on August 26 with questions about the REDACTION POLICY, the missing pages and copies of what the court redacted (See Attached #A). At

the time plaintiff had not noticed this was not just about REDACTION POLICIES, it was about **ORDER DISMISSING COMPLAINT AND DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS.** See below snippet from August 16 Clerk's Notice buried within.

```
Docket Text:
ORDER DISMISSING COMPLAINT AND DENYING
MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS: This case is DISMISSED WITHOUT
PREJUDICE. All pending motions are DENIED AS MOOT. Closing Case.
(Without Prejudice) Signed by Judge Aileen M. Cannon on 8/16/2022.
<I>See attached document for full details.</I> (scn)
```

I received a reply from the Clerk dated August 30 (See Attached **#B** original document in original envelope) a copy of **IMPORTANT: REDACTION REQUIREMENTS AND PRIVACY POLICY,** the same document from the Clerk dated August 16. None of my concerns were ever answered in this reply, including my request for the missing pages. It was at this time the plaintiff noticed that the Clerk had obscurely entered the Notice of the Court's August 16 and August 30 decision *CLOSE this case* buried within the Clerks notification of REDACTION POLICIES plaintiff never asked for.

As mentioned the plaintiff never requested on August 16, or before from the Clerk any REDACTION POLICY information. So why was the Clerk sending me REDACTION information the plaintiff never requested on the same day the Court *CLOSE this case*? Why didn't the Clerk explain why they were sending me this

REDACTION information coming out of nowhere that the plaintiff never asked for? As mentioned, on August 26, the plaintiff contacted the Clerk in a letter by mail (see Attached **#B**) about the mysterious REDACTION POLICY information received from the Clerk August 20 (See Attached **#B** with plaintiff's original letter in original envelope from Clerk dated August 30).

This way of doing business by the Clerk notifying the plaintiff *CLOSE this case* obscured within a document the plaintiff never requested is very suspicious and hardly, if it all meets the standards of FRCP. If the plaintiff requested any information from the Court, it is almost expected the Clerk would provide the Court's *CLOSE this case*. But there is no information I contacted the court about REDACTION POLICIES before or on August 16 after filing his complaints on August 11.

**TENTH DEFENSE**

What regulation, Rule or precedence of pro se rights allows the court to rule upon plaintiff's complaint with *leeway* rather than *technicalities* and rule upon the understanding that the plaintiff is not a lawyer and as such ...*not to be held to the same high standards of perfection as practicing lawyers*? With that said what would be the judgment of the court if the Court met the obligations just described.

It has long been held according to pro se rights precedence;" "*Pleadings in this case are being filed by Plaintiff In Propria Persona, wherein pleadings are to be considered without regard to technicalities. Propria, pleadings are not to be held to the*

*same high standards of perfection as practicing lawyers. See* **Haines v. Kerner** *92 Set 594* (the court applies the standard last paragraph of **LEGAL STANDARD** weakly as "*leeway*." According to *Haines*. The *Haines* Court was more specific stating; *to be considered without regard to technicalities* and *not to be held to the same high standards of perfection as practicing lawyers*), *also See* **Power 914 F2d 1459** *(11th CirI990), also See* **Hulseyv. Owne**. *63 F3d 354 (5th Cir 1995). also See* **In Re: HALL v. BELLMON** *935 F.2d 1106 (10th Cir. 1991).*" Accordingly the plaintiff cannot find anywhere in the Court's decision that the Court applied that standard. The Court only mentions a standard of *leeway*, but seemingly fails to apply the standard of *Haines* and *technicalities* inter alia.

## PRAYER FOR RELIEF

The plaintiff has 4 years active and 10 years reserve in the United States Coast Guard and served proudly and honorably in defense of our country and its Constitution as well as saving lives and making the water ways safe for mariners. Plaintiff's complaints have been made only as a concerned citizen for equality rights and help OCR to get on the right track. Plaintiff has not asked for any civil damages only the damage of OCR not treating the plaintiff with equality. Please keep that in mind in plaintiff's Prayer for Relief.

1. The Court grants relief of **DECLARATORY JUDGMENT** according to **Rule 57**. Declaratory Judgment.

2. That the Justice who dismissed plaintiff's **MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*** not be the judge in plaintiff's request for **DECLARATORY JUDGMENT** for reasons plausibly described in this document.

- From Appearances the judge made many obvious errors in their conflicting decision to dismiss, consequently denying plaintiff's and every citizen's long held right to be heard.

- From Appearances the judge was protecting government colleagues.

- From Appearances the judge in their quick dismissal was removing their burden to further protect government colleagues in discontinuing the case in a dubious manner.

- From Appearances the judge investigated plaintiff's history of previous Federal Court (dubious) decisions that compromise any judge's responsibilities of fairness and justice to treat litigants neutrally and unbiased. Whatever happened in previous decisions; whether the court was right or wrong is inconsequential in this current case.

- From Appearances the judge was shifting the burden and work load by requiring the plaintiff to the appellate court and shifting the procedural burdens and case load on to the appellate court that the plaintiff believes is very busy court with much more serious, reasonable appeals on their plate.

- If necessary, allow the plaintiff to file a misconduct complaint against the judge for errors and conflicting decision to dismiss, needlessly extending the process unnecessarily. The plaintiff will only file such a complaint if the Court continues to compromise the plaintiff's right to be heard, inter alia.

3. Grant any other relief appropriate in plaintiff's case.

<u>Date</u> September 7, 2022

**Attached;**

**#A - <u>IMPORTANT: REDACTION REQUIREMENTS AND PRIVACY POLICY</u>** Aug 16

**#B -** <u>Letter from Court,</u> Aug 30, in envelope that Court sent to the plaintiff; Includes REDACTION POLICY same as **#A** and includes copy of plaintiff August 26 letter to the court. It is kind of mixed up with pages and plaintiff's letter. You figure out the order & dates of the documents and page numbers and documents w/o page number.

<u>Leonard Wyatt Rowe III</u>
15 Year Veteran, 14 years United States Coast Guard
"Semper Paratus," Always Ready

ATTACHED

# A

U.S. District Court – Southern District of Florida

Leonard Wyatt Rowe III
1935 Jeri Kay Lane
Sebring, FL 33870

--------------------------
Case: 2:22-cv-14286-AMC  #6        6 pages         Tue Aug 16 14:52:37 2022
--------------------------

IMPORTANT: REDACTION REQUIREMENTS AND PRIVACY POLICY

Note: This is NOT a request for information.

Do NOT include personal identifiers in documents filed with the Court, unless
specifically permitted by the rules or Court Order. If you MUST include personal
identifiers, ONLY include the limited information noted below:
• Social Security number: last four digits only
• Taxpayer ID number: last four digits only
• Financial Account Numbers: last four digits only
• Date of Birth: year only
• Minor's name: initials only
• Home Address: city and state only (for criminal cases only).

Attorneys and parties are responsible for redacting (removing) personal identifiers from
filings. The Clerk's Office does not check filings for personal information.
Any personal information included in filings will be accessible to the public over the
internet via PACER.

For additional information, refer to Fed. R. Civ. P. 5.2 and Fed. R. Crim. P. 49.1.
Also see the CM/ECF Administrative Procedures located on the Court's website
www.flsd.uscourts.gov.

IMPORTANT: REQUIREMENT TO MAINTAIN CURRENT MAILING ADDRESS AND CONTACT INFORMATION

Pursuant to Administrative Order 2005-38, parties appearing pro se and counsel appearing
pro hac vice must file, in each pending case, a notice of change of mailing address or
contact information whenever such a change occurs. If court notices sent via the U.S. mail
are returned as undeliverable TWICE in a case, notices will no longer be sent to that party
until a current mailing address is provided.

IMPORTANT:  ADDITIONAL TIME TO RESPOND FOR NON-ELECTRONIC SERVICE

Additional days to respond may be available to parties serviced by non-electronic means.
See Fed.R.Civ.P.6(d), Fed.R.Crim.P.45(c) and Local Rule 7.1(c)(1)(A). Parties are
advised that the response deadlines automatically calculated in CMECF do NOT account
for and may NOT be accurate when service is by mail.  Parties may NOT rely on response
times calculated in CMECF, which are only a general guide, and must calculate response
deadlines themselves.
                          See reverse side

Subject:Activity in Case 2:22-cv-14286-AMC Rowe v. Office for Civil Rights Headquarters et
al Order Dismissing/Closing Case
This is an automatic e-mail message generated by the CM/ECF system.
Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits
attorneys of record and parties in a case (including pro se litigants) to receive one
free electronic copy of all documents filed electronically, if receipt is required by law or
directed by the filer. PACER access fees apply to all other users. To avoid later
charges, download a copy of each document during this first viewing. However, if the referenced
document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court
Southern District of Florida

Notice of Electronic Filing
The following transaction was entered on 8/16/2022 2:39 PM EDT and filed
on 8/16/2022

Case Name: Rowe v. Office for Civil Rights
Headquarters et al
Case Number: 2:22-cv-14286-AMC

Filer:
                                        _I highlighted_

WARNING: CASE CLOSED on 08/16/2022

Document Number: 6




Docket Text:
ORDER DISMISSING COMPLAINT AND DENYING
MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS: This case is DISMISSED WITHOUT
PREJUDICE. All pending motions are DENIED AS MOOT. Closing Case.
(Without Prejudice) Signed by Judge Aileen M. Cannon on 8/16/2022.
<I>See attached document for full details.</I> (scn)


2:22-cv-14286-AMC Notice has been electronically mailed to:


2:22-cv-14286-AMC Notice has not been delivered electronically to those listed
below and will be provided by other means. For further assistance, please
contact our Help Desk at 1-888-318-2260.:
Leonard Wyatt Rowe, III
1935 Jeri Kay Lane
Sebring, FL 33870

neopost ™
08/31/2022
US POSTAGE $000.57⁰

FIRST-CLASS MAIL

ZIP 33128
041M12250585

Attached
#B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
OFFICE OF THE CLERK - ROOM 8N09
400 NORTH MIAMI AVENUE
MIAMI, FLORIDA 33128-7716

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

Case 2:22-cv-14286-AMC   Document 9   Entered on FLSD Docket 09/12/2022   Page 19 of 25
Case 2:22-cv-14286-AMC   Document 8   Entered on FLSD Docket 08/30/2022   Page 2
of 4

U.S. District Court – Southern District of Florida

Leonard Wyatt Rowe III
1935 Jeri Kay Lane
Sebring, FL 33870

-------------------------
Case: 2:22-cv-14286-AMC   #6        6 pages        Tue Aug 16 14:52:37 2022
-------------------------

IMPORTANT: REDACTION REQUIREMENTS AND PRIVACY POLICY

Note: This is NOT a request for information.

Do NOT include personal identifiers in documents filed with the Court, unless
specifically permitted by the rules or Court Order. If you MUST include personal
identifiers, ONLY include the limited information noted below:
• Social Security number: last four digits only
• Taxpayer ID number: last four digits only
• Financial Account Numbers: last four digits only
• Date of Birth: year only
• Minor's name: initials only
• Home Address: city and state only (for criminal cases only).

Attorneys and parties are responsible for redacting (removing) personal identifiers from
filings. The Clerk's Office does not check filings for personal information.
Any personal information included in filings will be accessible to the public over the
internet via PACER.

For additional information, refer to Fed. R. Civ. P. 5.2 and Fed. R. Crim. P. 49.1.
Also see the CM/ECF Administrative Procedures located on the Court's website
www.flsd.uscourts.gov.

IMPORTANT: REQUIREMENT TO MAINTAIN CURRENT MAILING ADDRESS AND CONTACT INFORMATION

Pursuant to Administrative Order 2005-38, parties appearing pro se and counsel appearing
pro hac vice must file, in each pending case, a notice of change of mailing address or
contact information whenever such a change occurs. If court notices sent via the U.S. mail
are returned as undeliverable TWICE in a case, notices will no longer be sent to that party
until a current mailing address is provided.

IMPORTANT:  ADDITIONAL TIME TO RESPOND FOR NON-ELECTRONIC SERVICE

Additional days to respond may be available to parties serviced by non-electronic means.
See Fed.R.Civ.P.6(d), Fed.R.Crim.P.45(c) and Local Rule 7.1(c)(1)(A). Parties are
advised that the response deadlines automatically calculated in CMECF do NOT account
for and may NOT be accurate when service is by mail.  Parties may NOT rely on response
times calculated in CMECF, which are only a general guide, and must calculate response
deadlines themselves.
                         See reverse side

**Leonard Wyatt Rowe III**
1935 Jeri Kay Lane
Sebring, FL 33870
941-799-4806
missionlen@hotmail.com



**CASE: 2:22-cv-14286-AMC**

Date; August 26, 2022

Wilkie D. Ferguson, Jr. Courthouse
US Southern Florida Federal District Court
400 North Miami Avenue
Miami, FL 33128
(305) 523-5250

Dear Court,

I received a document from this court titled IMPORTANT: REDACTION REQUIREMENTS AND PRIVACY POLICY dated 8/16/22 & received 8/20/22. According to part of the header of the document just mentioned is "6 pages." The document was only 2 pages and the page number of those pages was not numbered (See enclosed). I am asking the court for the remaining pages of the 6 page document.

The first paragraph of said document ""*If you must*…" may include…
• Social Security number: last four digits only
• Taxpayer ID number: last four digits only
• Financial Account Numbers: last four digits only
• Date of Birth: year only
• Minor's name: initials only
• Home Address: city and state only (for criminal cases only).
I have none of that information of the litigants in the case. I only have names, who they work for and their title. Do privacy concerns include company names and addresses such as those of HCA Healthcare & hospital in Sebring? Since the court wants me to redact the "personal identifiers," the only identifying information of the litigants is personal identifiers. Does the court have ID numbers for the litigants that I can use in my case? If you don't, will the court allow me to create an ID and submit such in a non public document to the court?

So with that said; can I use the litigant's names in the course of my case? Does the court have any alternate way that I can identify the litigants? I really don't think the litigants will willingly provide their SS number or Tax ID unless there is a court order. Please answer in "Plain Writing." Remember, I am pro se and treated liberally.

I am also requesting the court for document copies the court has redacted. Understandably I would need that information in the course of this case. If I appeal the court's recent decision, that information would be valuable in asking the court to reconsider and or appeal. I would say it is necessary information.

Thank you,

Leonard Wyatt Rowe III
15 Year Veteran, United States Coast Guard; "Semper Paratus," Always Ready

1935 Texu Key Lane
Sebring, FL 33870

Wilkie Ferguson Jr. Courthouse
US Southern FL Federal Dist. Court
400 North Miami Ave.
Miami, FL 33128

33128-771859

TAMPA FL 335
SAINT PETERSBURG FL
25 AUG 2022 PM 5 L

Subject:Activity in Case 2:22-cv-14286-AMC Rowe v. Office for Civil Rights Headquarters et al Order Dismissing/Closing Case
This is an automatic e-mail message generated by the CM/ECF system.
Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court
Southern District of Florida

Notice of Electronic Filing
The following transaction was entered on 8/16/2022 2:39 PM EDT and filed on 8/16/2022

Case Name: Rowe v. Office for Civil Rights
Headquarters et al
Case Number: 2:22-cv-14286-AMC

Filer:

*I highlighted*

WARNING: CASE CLOSED on 08/16/2022

Document Number: 6

Docket Text:
ORDER DISMISSING COMPLAINT AND DENYING
MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS: This case is DISMISSED WITHOUT PREJUDICE. All pending motions are DENIED AS MOOT. Closing Case. (Without Prejudice) Signed by Judge Aileen M. Cannon on 8/16/2022. <I>See attached document for full details.</I> (scn)

2:22-cv-14286-AMC Notice has been electronically mailed to:

2:22-cv-14286-AMC Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1-888-318-2260.:
Leonard Wyatt Rowe, III
1935 Jeri Kay Lane
Sebring, FL 33870

Subject:Activity in Case 2:22-cv-14286-AMC Rowe v. Office for Civil Rights Headquarters et al Letter
This is an automatic e-mail message generated by the CM/ECF system.
Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court
Southern District of Florida

Notice of Electronic Filing
The following transaction was entered on 8/30/2022 11:50 AM EDT and filed on 8/30/2022

Case Name: Rowe v. Office for Civil Rights Headquarters et al
Case Number: 2:22-cv-14286-AMC

Filer:                          *I highlighted*

WARNING: CASE CLOSED on 08/16/2022

Document Number: 8

Docket Text:
Letter to the Court from Leonard Wyatt Rowe III. (scn)

2:22-cv-14286-AMC Notice has been electronically mailed to:

2:22-cv-14286-AMC Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1-888-318-2260.:
Leonard Wyatt Rowe, III
1935 Jeri Kay Lane
Sebring, FL 33870

U.S. District Court – Southern District of Florida

Leonard Wyatt Rowe III
1935 Jeri Kay Lane
Sebring, FL 33870

------------------------
Case: 2:22-cv-14286-AMC  #8        6 pages        Tue Aug 30 12:23:11 2022
------------------------

IMPORTANT: REDACTION REQUIREMENTS AND PRIVACY POLICY

Note: This is NOT a request for information.

Do NOT include personal identifiers in documents filed with the Court, unless
specifically permitted by the rules or Court Order. If you MUST include personal
identifiers, ONLY include the limited information noted below:
• Social Security number: last four digits only
• Taxpayer ID number: last four digits only
• Financial Account Numbers: last four digits only
• Date of Birth: year only
• Minor's name: initials only
• Home Address: city and state only (for criminal cases only).

Attorneys and parties are responsible for redacting (removing) personal identifiers from
filings. The Clerk's Office does not check filings for personal information.
Any personal information included in filings will be accessible to the public over the
internet via PACER.

For additional information, refer to Fed. R. Civ. P. 5.2 and Fed. R. Crim. P. 49.1.
Also see the CM/ECF Administrative Procedures located on the Court's website
www.flsd.uscourts.gov.

IMPORTANT: REQUIREMENT TO MAINTAIN CURRENT MAILING ADDRESS AND CONTACT INFORMATION

Pursuant to Administrative Order 2005-38, parties appearing pro se and counsel appearing
pro hac vice must file, in each pending case, a notice of change of mailing address or
contact information whenever such a change occurs. If court notices sent via the U.S. mail
are returned as undeliverable TWICE in a case, notices will no longer be sent to that party
until a current mailing address is provided.

IMPORTANT:  ADDITIONAL TIME TO RESPOND FOR NON-ELECTRONIC SERVICE

Additional days to respond may be available to parties serviced by non-electronic means.
See Fed.R.Civ.P.6(d), Fed.R.Crim.P.45(c) and Local Rule 7.1(c)(1)(A). Parties are
advised that the response deadlines automatically calculated in CMECF do NOT account
for and may NOT be accurate when service is by mail.  Parties may NOT rely on response
times calculated in CMECF, which are only a general guide, and must calculate response
deadlines themselves.
                        See reverse side

P35-024, Kay Lane
Sebring, FL 33870



U.S. POSTAGE PAID
FCM LG ENV
SEBRING, FL
33870
SEP 08  22
AMOUNT
$2.16
1023        34950        R2304N117409        -12

**United States District Court Southern District of Florida**
**Fort Pierce Division**
101 US-1 S, Unit 1016,
Fort Pierce, FL 34950

P 12 2022